IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Cr. No.: 19-00437 KWR |
| ) | |
| **PATRICK YELLOWHAIR,** ) | |
| ) | |
| Defendant. ) | |

## UNOPPOSED MOTION FOR COMPETENCY DETERMINATION

The United States of America respectfully moves this Court under 18 U.S.C. § 4241 for an order finding the defendant competent to stand trial. In support of this motion, the United States sets forth the following:

1. On October 4, 2018, the United States filed a complaint charging Defendant with second degree murder, in violation of 18 U.S.C. §§ 1153 and 1111. (Doc. 1.)

2. On February 15, 2019, Defendant pled guilty to an information charging him with Voluntary Manslaughter, in violation of 18 U.S.C. § 1153 and 1112. (Docs. 21-22.) At the conclusion of the Rule 11 plea colloquy, United States Magistrate Judge Kirtan Khalsa found that Defendant was "competent and capable of entering an informed plea" and that Defendant's guilty plea was "knowing and voluntary." (Doc. 39 at 22:4-15.) Defense counsel did not object to these findings or raise any concerns regarding competency at the time of the change of plea. (Doc. 39.)

3. In preparation for sentencing, Defendant underwent a neuropsychological evaluation conducted by Lynette M. Abrams-Silva, Ph.D. Dr. Abrams-Silva concluded that defendant was "unable to contribute meaningfully to his own defense or adequately comprehend

the nuances of the legal proceedings in which he is involved," given "his low intellectual and linguistic functioning."  (Report of Dr. Abrams-Silva, Doc. 34-1.)

4. Based on this report, on August 14, 2019, Defendant filed a motion requesting that the Court hold a hearing to determine whether Defendant was competent to proceed in this matter.  (Doc. 33.)  The government did not oppose this request.

5. Because Dr. Abrams-Silva had not conducted a forensic competency evaluation of Defendant, the United States moved the Court to appoint Dr. Julie M. Brovko, Ph.D. to conduct such an evaluation prior to the competency hearing.  (Doc. 34.)  The Court granted this unopposed motion.  (Doc. 38.)

6. On September 17, 2019, Defendant was evaluated by Dr. Julie M. Brovko.  (Doc. 40.)  In addition to conducting psychological testing, Dr. Brovko performed a detailed competency interview to determine whether and how Defendant's identified cognitive limitations impacted his ability to understand the proceedings and assist in his defense.  (*Id.* at 18-22.)  Based on this evaluation, Dr. Brovko concluded that Defendant was competent to stand trial.  (*Id.* at 23-25.)  In reaching this conclusion, Dr. Brovko recognized that Defendant experiences cognitive impairments, but explained that her competency testing indicated that Defendant's impairments did not "grossly and negatively" impact Defendant's ability to understand the proceedings and assist in his defense.

7. Upon receiving this evaluation, Defendant expressed a desire to be transferred to the Bureau of Prisons for additional psychological treatment.  (Doc. 44.)  On November 21, 2029, Defendant moved to be committed to the Bureau of Prisons for a period of four months for additional competency restoration and treatment.  (*Id.*)  Defendant expressed hope that additional treatment would restore his alleged incompetency.  (*Id.* at 2-3.)  Without conceding that Dr.

Abrams-Silva's competency-related opinions were correct, the United States chose not to oppose Defendant's request for further treatment and evaluation. (*Id.* at 4.)

8.      On August 8, 2019, the Court granted Defendant's unopposed motion and committed Defendant to the custody of the United States Attorney General for a reasonable period of time, not to exceed four months, to provide additional treatment and determine whether Defendant was mentally competent to stand trial. (Doc. 47.)

9.      At the conclusion of this term, Bureau of Prisons Psychologist Ashley K. Christiansen Ph.D., ABPP issued a report concluding that Defendant is competent to stand trial. (Doc. 49.) In her report, Dr. Christiansen explains that Defendant "has demonstrated the ability to maintain competency related information over time, and is able to utilize his knowledge in a rational manner." (*Id.* at 23.) Consist with Dr. Brovko's report, Dr. Christiansen further opined that Defendant's "cognitive impairment is not currently impairing his competency to proceed and there is no reason to expect his competency related capacities will diminish within the foreseeable future. His trauma related symptoms and depressive symptoms do not impair his competency." (*Id.*) In accordance with this report, the Bureau of Prisons issued a certificate of competency. (*Id.* at 2.)

10.     Both parties have carefully reviewed Dr. Christiansen's report. On October 20, 2020, Defense counsel indicated to the Court that she was not planning to contest Dr. Christiansen's conclusions.

11.     Defense Counsel agrees that Defendant is presently able to understand the nature and consequences of the proceedings against him and to assist properly in his defense.

12.     Consequently, the parties respectfully request that the Court enter an order finding Defendant competent to stand trial.

13. A defendant has a due process right to a competency hearing, if the record raises a genuine, reasonable doubt about his competency to stand trial. *United States v. Williams*, 113 F.3d 1155, 1160-61 (10th Cir. 1997). Consistent with this right, 18 U.S.C. § 4241(a) requires the court to order a hearing to determine mental competency whenever "there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense."

14. A court, however, need not hold a competency hearing if no reasonable question of competency exists after a psychological evaluation. *United States v. Kerr*, 752 F.3d 206, 216 (2d Cir. 2014) (after receiving results of court-ordered psychological evaluation, trial court was "well within its discretion" to not conduct hearing on defendant's competency before accepting defendant's plea of guilty); *United States v. Gillette*, 738 F.3d 63, 77 (3d Cir. 2013) (rejecting defendant's argument that Section 4241 requires a competency hearing be held where a court-ordered a psychological evaluation found defendant competent to stand trial); *United States v. Downs*, 123 F.3d 637, 641 (7th Cir. 1997) (same).

15. Taken as a whole, the record in this case does not raise a reasonable doubt that Defendant may be suffering from a mental disease or defect rendering him mentally incompetent

16. Accordingly, the parties submit that there is good cause for the Court to enter a competency order with the following findings:

    a. The defendant, Patrick Yellowhair, is presently capable of understanding the nature and consequences of the proceedings against him.

    b. The defendant is also capable of meaningfully consulting with his attorney and assisting properly in his defense.

   c. The defendant is, therefore, competent to stand trial and proceed with the case.

         Respectfully submitted,

         JOHN C. ANDERSON
         United States Attorney

         */s/ Electronically filed October 21, 2020*
         ALLISON C. JAROS
         Assistant U.S. Attorney
         201 Third St. NW, Suite 900
         Albuquerque, NM 87102
         (505) 346-7274
         (505) 346-7296 fax

         *Approved electronically on Oct. 21, 2020*
         Attorney for Defendant
         Amanda R. Lavin

I hereby certify that a copy of this motion was delivered via CM/ECF to counsel for the defendant.

*Electronically filed*
ALLISON C. JAROS